KELLEY v. MAYNARD et al.—82 S. W. (2d) 235.

Middle Section.  December 8, 1934.

Petition for Certiorari Denied by Supreme Court, May 17, 1935.

W. B. Williams and Louis Chambers, both of Lebanon, for appellants.

Elmer R. Woolard and Thomas G. Hinson, both of Lebanon, for appellee.

DeWITT, J. ▮ This is an appeal from a decree of the chancery court allowing the filing of a deposition of Thomas Kelley and declaring that his administratrix had the right to read it in two suits then pending, and in any other suit between the parties hereto. The deposition was taken de bene esse at 1 p. m. on November 24, 1933. A bill was filed at 5:30 on November 23d, in behalf of Thomas Kelley against

Clarence Reed, Edgar Maynard, and the Hartford Accident & Indemnity Company praying for an order directing the taking of his deposition on the ground that he was critically ill and believed that he would not live but a few hours; that he was the only material witness in another suit brought by him against these defendants to have set aside an alleged compromise of his claim for personal injuries upon which he had brought an action for damages in the circuit court. He alleged in his bill that notice had theretofore been served upon the defendants that his deposition would be taken on November 29, 1933, but because of advice given by his physician he did not believe that he would be alive on that date, and that his estate would suffer great and irreparable injury by any further delay.

Upon the bill, duly verified, and a supporting affidavit of the complainant's solicitor, the clerk and master, under Code, section 10571, issued an order and notice that the deposition be taken at 1 o'clock p. m., November 24, 1933, at McFarland's Hospital in Lebanon. This notice was served on Clarence Reed not later than 9 o'clock a. m., November 24th, and on Edgar Maynard and Alexander Anderson, the local agent of the Hartford Accident & Indemnity Company, within an hour thereafter; so that the notice was served on all of them before 10 o'clock on the morning of the day on which the deposition was to be taken at 1 p. m. The deposition was taken at the time and place appointed, but no one of the defendants was present or represented. Anderson stated in his affidavit that his duties as local agent of the Hartford Accident & Indemnity Company were confined to soliciting and writing insurance policies, and that he had no connection with looking after or control over litigation for said company. B. H. Libby, adjuster for said company with headquarters at Nashville, stated in an affidavit that he had no notice until 1 o'clock on November 24 that the deposition was to be taken; that no attorney had then been employed to represent the company or its assured, Reed, and the driver of the truck that came into a collision which injured Kelley; that he immediately tried to reach by telephone Mr. Louis Chambers, but found that he was away from Lebanon. He did not say that he tried to obtain the services of any other counsel. Mr. Chambers had represented the company in other matters or suits. None of these parties employed counsel until several days thereafter. It will be remembered that they had been notified that Kelley's deposition would be taken on November 29th. Mr. Kelley lived for nearly 48 hours after his deposition was taken. He died on November 26th. This itself shows the extreme urgency that his deposition be taken immediately, if at all. None of the affiants stated that they were not aware that Kelley was critically ill and that the emergency was great. If they had this knowledge, they still had many hours in which to arrange for cross-examination. It appears that the

delay was not due to the counsel, but to the parties in failing to employ counsel immediately so that cross-examination could be had.

There is no merit in the contention that the deposition should be suppressed because of the failure of the notary and stenographer at first to include in her certificate . a statement that she was not regularly in the employment of any of the counsel in the cause. She was properly allowed by the chancellor to amend her certificate so as to include such statement; and it appears that she was not at the time of taking the deposition in the regular employment of any attorney who had actually been employed in the cause. Her regular employer was afterward employed in the cause. His name had only been signed to the bill by the other counsel without his knowledge and without his having been employed.

The deposition relates to a material fact in connection with an alleged settlement of the claim for damages on the part of the deceased Kelley. We think that no violence has been done to the rights of these parties under the circumstances.

. The decree of the chancellor sustaining the deposition is affirmed. The costs of the appeal will be adjudged against the appellants and the sureties on their appeal bond.